# BLEWETT *v.* FRONT ST. CABLE RY. Co.

# FRONT ST. CABLE RY. Co. *v.* BLEWETT.

*(Circuit Court of Appeals, Ninth Circuit. July 18, 1892.)*

**1. BONDS—ACTION FOR PENALTY—MEASURE OF DAMAGES.**
A bond executed by defendant to plaintiff, in a penalty equal to the value of certain lands conveyed by plaintiff on the same date, recited that the land was conveyed to an "assignee" of defendant as a part of a bonus given to secure the building of a certain cable railroad, and was conditioned for the construction of the road. The road was not built, and the bond was sued on. *Held,* that the whole penalty could be recovered, as the value of the property was a proper measure of damages for the breach of the contract. 49 Fed. Rep. 126, affirmed.

**2. SAME—INTEREST—WHEN ALLOWABLE.**
Where the damages equal or exceed the penalty of the bond, the rule is in favor of allowing interest from and after the date of the breach; but as the lots were wholly unproductive, yielding no income, and this fact was expressly taken into consideration by the court in disallowing interest, its finding was in the nature of the verdict of a jury, and should not be disturbed. 49 Fed. Rep. 126, affirmed.

**3. PAROL EVIDENCE TO VARY WRITING.**
Parol evidence was not admissible to show that the deed which was delivered to and purported to vest the title unconditionally in the assignee was not to take effect if the road was not built on account of failure to secure additional bonus. 49 Fed. Rep. 126, affirmed.

**4. PLEADING—AMENDMENTS—DISCRETION OF COURT.**
Defendant having set up such parol agreement in his answer, the court sustained a demurrer thereto, and at the trial allowed plaintiff to amend his complaint by alleging that the sole consideration for the conveyance was the bond, and the sole consideration for the bond was the conveyance. *Held,* that this amendment was within the court's discretion, not being variant from the recitals of the bond, and could not have prejudiced defendant, as the evidence admitted in support thereof could properly have been admitted under the allegations of the pleadings before the amendment.

Cross Errors to the Circuit Court of the United States for the District of Washington, Northern Division.

Action by Edward Blewett against the Front Street Cable Railway Company on a penal bond. Jury waived, and trial to the court. Findings and judgment for plaintiff for the amount of the penalty, without interest. 49 Fed. Rep. 126. Both parties bring error. Affirmed.

*Burke, Shepard & Woods,* (*Thomas R. Shepard,* of counsel,) for plaintiff.

*Hughes, Hastings & Stedman,* (*C. C. Hughes,* of counsel,) for defendant.

Before McKENNA and GILBERT, Circuit Judges, and DEADY, District Judge.

GILBERT, Circuit Judge. This is a writ of error to the circuit court for the state of Washington. Edward Blewett, the plaintiff, brought an action against the defendant to recover upon breach of a bond. The complaint alleges that on November 23, 1889, the defendant executed to plaintiff a bond in the penal sum of $18,000, upon the condition following:

"The condition of the foregoing obligation is such that whereas, the said Edward Blewett has granted and conveyed to Jacob Furth, assignee of the Front Street Cable Railway Company, the following described property, [describing certain lots,] heretofore deeded to Jacob Furth as a part of a bonus given to secure the building of the cable road hereinafter mentioned: Now,

v.51F.no.10—40

therefore, if the North Seattle Cable Railway Company, a corporation organized and existing under the laws of the state of Washington, its successors and assigns, shall, within ten (10) months from the date of these presents, construct, ready for operation, a double-track cable railway of the same gauge as the railway of the Front Street Cable Railway Company, and operate cars both ways thereon, from the present terminus, [describing the line of road to be built,] then this obligation shall be void, otherwise to be and remain in full force and effect."

The complaint further alleges that on the same date two deeds were delivered from the plaintiff to Jacob Furth, the assignee of defendant, conveying the lots mentioned in the bond for an aggregate consideration recited therein of $18,000, and that there has been a total breach of the condition of the bond by the defendant, to the plaintiff's damage in the sum of $18,000, with interest from September 24, 1890, and costs.

The answer, after denying certain portions of the complaint, but admitting the execution and delivery of the bond and the deeds, proceeds to set up an affirmative defense in substance as follows: That on or about November 1, 1889, the plaintiff, to induce defendant to construct the cable railway mentioned in the bond and for the benefit of plaintiff's property, proposed that if defendant would construct said railway he would, as a bonus for the construction of the same and an inducement for the operation thereof, donate to defendant the lots mentioned in the bond; but that it was understood and agreed that, if a sufficient subsidy could not be obtained to warrant the construction of the road, the same would not be constructed, plaintiff would donate the lots mentioned, and that in pursuance of such agreement the plaintiff executed the deeds and delivered the same to Jacob Furth, under the understanding that Furth was to hold said deeds in escrow, and should not deliver the same to defendant until defendant had constructed and put in operation the railway, and, in case of failure therein, then the said Furth was to reconvey the lots to plaintiff, and defendant should be exonerated from any claim or demand. That in pursuance of such agreement the defendant executed the bond, and at the time of delivering the same to plaintiff it was expressly agreed that, if defendant should be unable to secure sufficient subsidy as above set forth, then the bond should be null and void, and of no binding force upon defendant. That the defendant was unable to procure sufficient subsidy, and accordingly, on October 1, 1890, Jacob Furth tendered a reconveyance of the lots, but plaintiff refused to accept the same; and that said Furth has always been ready to reconvey the same since said time, but the plaintiff refuses to accept the same. A demurrer to this affirmative defense was sustained. On the trial the plaintiff was allowed to amend his complaint by adding an allegation to the effect that the true and only actual consideration of the deeds was the making and delivery of the bond, and the actual consideration of the bond was the making and delivery of the deeds, and that the delivery of all the instruments was simultaneous. The cause was tried before the court without a jury, and the findings of the court were made in favor of plaintiff, assessing his damages at $18,000. Both parties have sued out writs of error, the

plaintiff assigning as error the refusal of the court to allow interest upon the amount fixed as damages in the bond, the defendant making three principal assignments of error: *First*, error in sustaining the demurrer to its affirmative defense; *second*, error in construing the penal sum named in the bond to be liquidated damages, and adopting the same as the measure of defendant's liability to plaintiff; *third*, error in allowing plaintiff to amend his complaint as above mentioned.

The first question to be considered is whether there was error in sustaining the plaintiff's demurrer to the affirmative defense. This defense as pleaded contains inconsistent averments. It assumes that Furth could occupy the position of grantee in the deeds, and at the same time hold the deeds in escrow. It also fails to show that Furth was a party to the understanding therein set forth, or agreed to be bound by its terms. Viewed in the most favorable light that can be claimed for it, it can only be regarded as an attempt to vary the terms of the bond by proving the existence of a contemporaneous oral understanding. The bond recites that the lots have been granted and conveyed to Jacob Furth, "assignee" of defendant. The affirmative defense attempts to say that the deeds to Furth were delivered to him in escrow, to be by him delivered to the company upon a certain contingency, on the failure of which the lots were to be reconveyed to the plaintiff. The bond provides that the penalty therein fixed shall be incurred upon the failure of the company to construct and operate the road within 10 months from date. The oral understanding would deny this, and in its stead would prove that the bond, although sealed and delivered, was not to take effect or operate as a bond unless sufficient subscriptions were secured to justify the enterprise named in the bond. Counsel for defendant contends that the true meaning of this pleading is that Furth was to hold the title to the lots in trust, and that the court should so construe it. This construction would not only be a departure from the rule of construction of pleadings, but, if adopted, would not alter the effect of the pleading. The objection that it contradicts the terms of the written contract would in no degree be obviated. There is no allegation here of fraud, accident, or mistake in executing the bonds or the deeds, or in delivering the same, and this case does not fall within any of the exceptions under which evidence of a contemporaneous parol agreement or understanding may be admitted to alter, contradict, or vary the terms of the written instruments; and there was no error in sustaining the demurrer.

Neither do we find any error in the second assignment. It is stipulated that the lots were worth $18,000. The deeds recite that sum as the consideration of their conveyance. The bond fixes that amount as the penalty in case of breach. The breach was total. The lots were still worth $18,000. The plaintiff could not compel their reconveyance to him. If the offer of Jacob Furth to reconvey has any effect, it is to admit that the value of the lots was the measure of plaintiff's damages. It is true the bond by its language does not declare that $18,000 shall be deemed liquidated damages in case of breach. This omission, al-

though a strong circumstance, is not a controlling consideration in construing the bond. The court may construe the penalty as liquidated damages in cases where the parties have not so nominated it. The construction will depend upon the intention of the parties, to be ascertained from the whole tenor and subject of the agreement. Considering the circumstances under which this bond was made, the objects to be accomplished, and the purpose of the conveyances, together with the difficulty of computing the actual damage upon any other hypothesis, there is strong reason for holding that the parties to this agreement, by fixing the value of the lots as the penalty in the bond, intended thereby to liquidate the damages in case of total breach of the conditions of the bond. But it is not necessary to hold that the penal sum is liquidated damages. The evidence proved that $18,000 was the true measure of the plaintiff's damage. What benefit he might have derived from the completion and operation of the road does not appear, but it does clearly appear that the loss he suffered was, at least, the full value of the property he had conveyed away, and for which he had received nothing in return.

The permission to amend the complaint, which is assigned as error, was a matter within the discretion of the court. The amendment could not prejudice the defendant. The new allegations thus introduced were not variant from the recitals of the bond and deeds. The evidence which was offered to sustain them would have been properly admitted under the pleadings before the amendment was made.

It remains to be considered whether there was error in not allowing the plaintiff interest in addition to the amount found due him as damages. It is conceded that $18,000 is the limit of the damages that plaintiff can recover, but it is claimed that, inasmuch as that amount became due to the plaintiff immediately upon breach of the bond, he should recover interest upon it from that date, or at least from the commencement of the suit. The weight of American authority is in favor of allowing interest beyond the penalty from and after the date of the breach, in all cases where the damages equal or exceed the penal sum. It is allowed, not as additional damages for the breach, but as damages for wrongfully withholding a payment that has become due. In this case, however, the court below, in refusing to allow interest, expressly took into consideration the fact that the lots which the plaintiff had conveyed, and for the value of which he obtained judgment, were and are wholly unproductive, yielding no income, and, the finding of the court upon the amount of damages being in the nature of the verdict of a jury, we are indisposed to disturb it. The judgment is affirmed.