### ALIOTO et al. v. PEDERSEN.

(Circuit Court of Appeals, Ninth Circuit. August 4, 1919.)

No. 3320.

DAMAGES ⬦78(4)—CONSTRUCTION · OF STIPULATION—LIQUIDATED DAMAGES OR PENALTY.

> In a contract by which respondent agreed to receive and pay for at least 1,200 salmon from each libelant every 24 hours, a provision that, in case of detention of a boat from delivering for six hours after arrival, the boat should be credited with 25 per cent. additional salmon, and given an equal credit for each hour's further delay, *held* a stipulation for a penalty and not for liquidated damages.

Appeal from the District Court of the United States for the First Division of the Northern District of California; Maurice T. Dooling, Judge.

Suit in admiralty by Frank Alioto and others against L. A. Pedersen. Decree for respondent, and libelants appeal. Affirmed.

This is an appeal by libelants from a decree sustaining exceptions to a libel. The libel sets forth that appellants were hired by the appellee in San Francisco as seamen and fishermen on a voyage to Alaska to catch salmon; that appellee agreed to pay each of the appellants 3¼ cents for each red or coho salmon offered for delivery at a certain place in Alaska; that the shipping articles contained the following clause: "Each Bristol Bay cannery shall employ no less than three beachmen for every line of canning machinery for tall cans operated;" that appellee had eight lines of canning machinery, and at no time employed more than 17 men; that his canning machinery was defective, in that it was constantly getting out of order, and for that reason he was unable to take more than 1,200 salmon per day from each of appellants; that if appellee had had proper machinery and a sufficient number of beachmen he would have been able to take 1,500 salmon a day for 30 days, and each of libelants would have earned $292.50 under the contract; that the contract of hiring also contained the following clause: "If any boat is detained from delivering salmon at receiving station for six hours after arrival, such boat shall be credited with twenty-five per cent. additional salmon over and above the number delivered from it, and for each further hour's delay an additional credit of twenty-five per cent. shall be given. Boats to report at time of arrival at receiving station. The same rule to apply when boats are on the limit. Boats must have nets cleared before arriving at fish receiving station." It is alleged that the limit mentioned is an obligation on the part of appellee to pay for at least 1,200 salmon every twenty-four hours, whether he took the same or not. A further provision in the contract of hiring is as follows: "All salmon must be in perfect condition, and not discolored on the outside, and must be discharged from boats at least once in twenty-four hours." It is set forth that, while appellants were in their boats with undischarged salmon, they were compelled to stay there, and unable to attend to their wants, and that that was one of the reasons why that matter was inserted in the contract, as also to prevent fish which were caught from becoming spoiled by reason of their not being canned in proper time.

Libelants allege that on July 5, 1918, they each tendered to appellee, 1,200 red or coho salmon, within the terms of their contract, and that appellee, by

reason of lack of beachmen and defective machinery, failed to take them for 24 hours; that the boats were not discharged on July 5th, but on July 6th; that each libelant became entitled to receive credit for 5,700 red or coho salmon, or $146.24, but that appellee credited each with 1,200 salmon, and refused to make further credit; that it is impractical or extremely difficult to fix actual damages by reason of the failure of appellee to take the salmon tendered on July 5th; that a reasonable compensation under the contract depended upon appellee taking all salmon caught, and that expectation that he would do so was the principal inducement for entering into the contract.

H. W. Hutton, of San Francisco, Cal., for appellants.

Pillsbury, Madison & Sutro and A. E. Roth, all of San Francisco, Cal., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge (after stating the facts as above). The libel does not allege that the libelants caught and tendered to the appellee at any time any more than 1,200 fish per day. Our construction of the allegations is that the appellee, under the terms of the contract, had a right to limit the number of salmon that he was bound to pay for to 1,200 in each 24 hours. Having the power so to limit the number of salmon which appellee was obliged to accept, that he could not receive more, or that appellants could have caught more to deliver, became immaterial. There is no averment that the appellee did not accept and pay for 1,200 fish in each 24 hours; on the contrary, it is alleged that he did take at least 1,200 per day. If the contract had provided that the appellee would take all the fish that were caught, the question for decision would be different, but the pleader seems to have purposely avoided making such an averment. The allegation that the principal inducement to libelants for entering into the contract was that appellee would take all the red or coho salmon that each of the libelants caught is not material, in view of the averment that but 1,200 were tendered and were taken.

Upon the second cause of action libelants seek to recover because they were prevented from delivering fish by reason of the failure of appellee to unload boats for a period of 24 hours. The contention is that each fisherman became entitled to a credit of 5,700 salmon. This number is arrived at by adding 25 per cent. additional to the 1,200 which were offered for the first six hours of the day, and an additional 25 per cent. for each hour's delay thereafter. Libelants argue that under the terms of the contract the amount to be paid is liquidated damages because of the failure to take the fish offered on July 5th. In our opinion the parties intended by the language used to provide for a penalty and not for stipulated damages. The contract fixes the amount each of the libelants could earn during the time they were delayed, namely, pay for 1,200 fish. If they should be allowed to recover under the construction which they ask the court to put upon the terms of the contract, obviously there would be an unconscionable disproportion between the amount claimed and the actual damages suffered; that is, the amount of recovery would be more than four times the amount which the appellants could have recovered if they had worked. That our construction of the contract is correct is also shown, we think, by the terms, which

make a distinction between the first six hours' delay and subsequent time. Subsequent time is placed upon a different basis from the first six hours. If no penalty was intended, it is very reasonable to think that the parties would have made no difference between the first six hours and subsequent hours of delay. Furthermore, the provision in the contract that the rule shall apply when the boats are on the limit, indicates that the parties intended a penalty and not liquidated damages. Appellee being obliged to pay for at least 1,200 fish every 24 hours when the boats were on the limit, the men could suffer no damage by delay in taking the fish, and therefore the provision for extra credit became a penalty and not a measure of liquidated damages. Appellants endeavor to overcome this point by the argument that the men were obliged to discharge their boats once a day and to deliver salmon in good condition. But if they were prevented from delivering once a day, or from delivering fish in good condition by reason of the delay of the appellee, they would be excused from complying with such conditions, and would have been entitled to their limit, notwithstanding their failure to comply therewith. In Blewett v. Front Steet Ry. Co., 51 Fed. 625, 2 C. C. A. 415, this court, in considering the language of a bond, held that the omission to declare a sum to be deemed liquidated damages in case of breach, while a circumstance, was not a controlling consideration, in construing the bond, and that the court would construe the penalty as liquidated damages in cases where the parties may not have so nominated. The court said: "The construction will depend upon the intention of the parties, to be ascertained from the whole tenor and subject of the agreement." Here the contract is silent as to whether there shall be stipulated or liquidated damages, and this may be a circumstance of consideration in construing the contract. McCall v. Deuchler, 174 Fed. 133, 98 C. C. A. 169; Terra Cotta Co. v. Caldwell, 234 Fed. 491, 148 C. C. A. 257.

Our conclusion being that the District Court was right in sustaining the exceptions to the libel, the decree is affirmed.

Affirmed.