## NEW YORK COMMON PLEAS.

### Thomas E. Collins agt. Edwin A. Brooks.

*It seems* that a *seller* of an article of merchandize, which is returned to him by the purchaser on account of a breach of the warranty, unless he makes a *specific objection to receiving it back*, rescinds the (executed) contract, and is liable for the price.

*General Term, February*, 1861.

Appeal from a judgment of the district court. The defendant was proprietor of a boot store. The plaintiff bought a pair of patent leather boots at the defendant's store, and paid $10 therefor,—the defendant warranting them to be " a fine pair of boots." The plaintiff, on reaching his home, discovered a slight tear in the leg of the left boot, and on the following day he returned the boots to the same salesman, and reclaimed the price, on the ground of the defect. The salesman refused to refund the money, and thereupon the plaintiff threw down the boots, left them in the store, and went away, and soon thereafter brought an action for the price paid. The case was tried before Justice Van Cott and a jury in the fourth district court of the city of New York. It was found that the tear could have been repaired for three cents, and that the defendant offered to have said repairing done free of cost, or to give to the plaintiff a new pair of boots,—both of which offers the plaintiff declined to accept. The jury gave a verdict of $10 for the plaintiff, and the defendant appealed.

J. S. Slauson, *attorney for the appellant*,

argued that an executed contract cannot be rescinded for a breach of warranty, nor for any cause but fraud.

Eastburn Benjamin, *of counsel for the respondent*,

argued for the rescission of the contract.

By the court, HILTON, J.   I think this verdict should not be disturbed, although I fully agree with Judge DALY in the rule of law stated by him.   But in the present case the defendant, by accepting the return of the boots, without objection, must be regarded as consenting to rescinding the contract, and therefore cannot retain the money paid him on account of it.   Upon the evidence the plaintiff was entitled to the verdict which the jury gave, and the charge of the judge cannot operate to deprive him of it.   In my opinion the judgment should be affirmed.

BRADY, J., concurred with Judge HILTON in the view of the case presented by his opinion.

DALY, J., dissented.