## SHAEN et al. v. GUMPERT.

### (City Court of New York, General Term.  March 27, 1889.)

TRIAL—DIRECTION OF VERDICT.

Where, in an action for the value of goods sold and delivered, the answer sets up a return of all the goods not paid for, upon their being found unmerchantable, amounting to an allegation of the rescission of the contract, and it appears from the whole language of the defendant's counsel in opening the case, and his motions and exceptions throughout the trial, that he does not waive the defense of rescission, and confine the defense to a counter-claim for the breach of warranty in the quality of the goods, it is error to direct a verdict for the plaintiff for his full demand, less the amount of such a counter-claim, though he states in his opening that the defense is a breach of warranty.

Appeal from trial term.

Action by Henry B. Shaen and others against Samuel Gumpert for goods sold and delivered. A verdict for plaintiffs was directed, and defendant appeals.

Argued before McADAM, C. J., and NEHRBAS and EHRLICH, JJ.

Phillips & Wray, for appellant. Souther & Stedman, for respondents.

PER CURIAM. The plaintiffs are agents for Elston & Balston, manufacturers in England. The contract with the defendant was made by the plaintiffs, who, as trustees of an express trust, rightfully brought the action. Code, § 449. After the plaintiffs had rested their case, the defendant's counsel opened the defense to the jury, and, on the conclusion of the opening, the plaintiffs' counsel moved for judgment in favor of the plaintiffs for the amount claimed, with interest, less $123, the amount of a counter-claim pleaded by the defendant. The answer, however, pleads more than a counter-claim. It alleges that the goods ordered of the plaintiffs, and not covered by the payment of $265 made by the defendant, and credited by plaintiffs, were not equal to the representations on which they were bought; that they were unmerchantable, and were returned to the plaintiffs. Assuming that such return was accepted, the defense pleaded amounts practically to a rescission of the contract. Collins v. Brooks, 20 How. Pr. 327; Sturtevant v. Orser, 24 N. Y. 538. The opening of counsel, as printed in the case, does not show any waiver of this defense, but a certificate or opinion appears in the case, signed by the trial judge, wherein he states "that defendant's counsel, in his opening to the jury, among other things, stated to the court and jury that the defense of which the answer availed, and upon which the defendant relied, was a breach of warranty." Although this certificate forms part of the case on appeal, it must be read in connection with what precedes and follows. So considered, it is evident that the certificate is founded on an erroneous impression or construction of what occurred, for the language of counsel in his opening, his motion to amend, his request to go to the jury, and the objections made and exceptions taken to the course of the trial judge, all indicate that he not only intended to waive nothing, but was determined to insist upon the right to have all the defenses pleaded go to the jury. We are of opinion, therefore, that the trial judge erred in his construction of the opening of the defendant's counsel, and that the latter said nothing to warrant the conclusion that the defense of rescission was abandoned. For these reasons, the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant, to abide the event.