ASTORIA VENEER MILLS, Respondent, *v.* JOHN W. LOOSCHEN, Appellant.

*Sale — return and acceptance by the vendee of the merchandise sold — question of fact for the jury.*

In an action brought to recover the price of goods sold, the defendant gave evidence tending to show that a portion of the goods were unsatisfactory; that he objected to them; that the plaintiff agreed to take them back; that the defendant redelivered them; that the plaintiff accepted the goods, and had them in his possession at the time of the trial.

*Held,* that whether the defendant's statement was true was a question of fact which should have been submitted to the jury; and that it was erroneous for the court to direct a verdict for the plaintiff for the whole amount of the goods.

APPEAL by the defendant, John W. Looschen, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 24th day of June, 1895, upon the verdict of a jury rendered by direction of the court after a trial at the New York Circuit.

*John Ford* and *Henry K. Davis,* for the appellant.

*John Delehunty,* for the respondent.

PARKER, J.:

The court directed a verdict in favor of the plaintiff for $633.37. The defendant insists that as to $288.64 of such amount there was a question for the jury, and our examination of the evidence leads us to agree with him.

For a number of years prior to the transaction in dispute, the defendant, who was a piano case manufacturer, had been accustomed to purchase wood of the plaintiff suitable for his business. Such purchases were made through Jared J. Looschen, who had general charge of the business of the defendant.

In the early part of September, 1892, Jared J. Looschen called at the plaintiff's place of business and inquired for "mahogany veneer with a little figure in it." He purchased one lot and then the salesman Reed called his attention to some finely-figured wood.

The figure pleased Looschen, who asked the price of it, and upon being informed that it was five cents a foot he said he would give four for it. The offer was not then accepted, but Reed said he would submit it to Mr. Williams, the treasurer of the plaintiff, on his return, who decided to accept it. The wood was at once shipped to the defendant, but before it reached him he received a bill from the plaintiff, and following their usual method of dealing he at once sent his note to plaintiff for the full amount of the bill. When the wood came to his attention he discovered that it was not mahogany veneer but California red wood which could not be used in his business.

Both Jared J. Looschen and the salesman Reed agree that nothing was said about California red wood, and that no other kind of wood was referred to by name than mahogany veneer. Indeed, their testimony is not in conflict in any respect.

As soon as the wood reached Looschen he opened it, and finding that it was not mahogany he went at once to the plaintiff's factory, where he saw the president of the company, and Looschen describes what took place as follows : " I told him that the mahogany that they had shipped me was California red wood, and billed as sequoia, and was not fit for piano cases, and that if I used it it would come back from my customers and that I wished to send it back to them ; and he said, ' Why certainly, Looschen ; I could have told you that any day that it was not fit for piano cases and he ought not to have sold it to you.' He asked me who sold it to me and I told him Mr. Reed. I said, ' I want to send it back.' He says, ' That will be all right, you better wait and see later because I don't want to interfere ;' and he says, ' Alec. is out of town and you better wait and see him.' "

Looschen did not wait to see Alexander Williams, the person referred to as " Alec.," but returned the California red wood to the plaintiff. Alexander Williams at once reshipped it to the defendant, whereupon Looschen called upon him and a conversation ensued upon the subject of its redelivery to the plaintiff, with a credit to the defendant for the purchase price.

They differ as to what took place. Williams testifies that he refused to give defendant credit for the wood, but said he would take it and sell it for him if he should have an opportunity to do so.

Looschen's testimony on that subject was in part as follows: "I went in to see Mr. Alexander Williams and I asked him, 'What did you ship back the veneer for? I told your father about it that I couldn't use that in my business and I bought it for mahogany, and it isn't mahogany.'

"He says, 'That don't make any difference, we sold you that veneer and we can't take it back.' And I says, 'It isn't worth five cents to me; I was deceived in the matter.' And he says, 'We have used your note for discount.' I said, 'I don't care anything for that, you can allow me for it later on, for I am not in any hurry about that.' *Then he says, 'All right, Looschen, let her come back.'* And I sent it back and they have had it ever since."

If Looschen's testimony was true, then the jury were authorized to find a resale of the California red wood to the plaintiff, followed by its actual delivery to and acceptance by it. Whether it was true was a question of fact for the jury.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed, new trial granted, with costs to appellant to abide event.