(108 App. Div. 89.)

## DOUGHERTY v. NEVILLE.

(Supreme Court, Appellate Division, Third Department.   October 24, 1905.)

1. EXCHANGE OF PROPERTY—RE-EXCHANGE—ENFORCEMENT—ISSUES.
   Where, in replevin to enforce an alleged re-exchange of property, the complaint alleged that immediately after plaintiff discovered the condition of the boat he had taken in exchange for his own he notified defendant of the fact that she did not comply with the representations made as to staunchness, and returned her to him, and further notified defendant that he elected to rescind the agreement, "and thereupon said agreement was mutually rescinded by the parties," the complaint sufficiently presented the issue of mutual rescission; defendant having permitted plaintiff to testify to all the facts connected therewith without objection that such proof was not within the issues, etc. ·

2. SAME—EVIDENCE.
   In a suit to compel the re-exchange of personal property, evidence *held* to justify a finding that defendant actually agreed to retrade, and that in pursuance of such agreement he accepted delivery of the boat he had exchanged to plaintiff.

3. SALES—BREACH OF WARRANTY—RESCISSION—LIABILITY OF SELLER FOR PRICE.
   Where merchandise is returned to the seller for an alleged breach of warranty or because of alleged fraud, the seller by accepting the property rescinds the contract, and becomes liable for the price paid, unless such acceptance is conditional.
   [Ed. Note.—For cases in point, see vol. 43, Cent. Dig. Sales, § 278.]

4. EXCHANGE OF PROPERTY—RESCISSION—QUESTION FOR JURY.
   In an action to enforce an alleged rescission of an exchange of personal property, whether or not the redelivery of the property exchanged by plaintiff to defendant was absolute, so as to operate as a legal rescission, is a question for the jury.

5. SAME—RESERVATION OF TITLE—EFFECT.
   Where, after an exchange of canal boats, plaintiff claimed that defendant agreed to re-exchange because of a breach of warranty of the boat transferred to plaintiff, and that defendant accepted a redelivery thereof under the agreement to retrade, it was immaterial to plaintiff's right to recover the boat he exchanged that defendant had title to the boat so returned to him, and the right to take possession, under his contract with plaintiff, to secure payment of the amount due under the exchange contract.

6. SAME—CONDITIONAL EXCHANGE—FORECLOSURE OF LIEN.
   Where, on the exchange of certain canal boats, defendant retained title to the boat exchanged to plaintiff to secure payment of a difference, if defendant desired to retake the boat under such contract, it was his duty to foreclose his lien thereon, as provided by Laws 1897, p. 514, c.

418, art. 7, and sell the same, in which event plaintiff would be entitled to any surplus remaining after paying the amount due defendant.

7. SAME—DEMAND.

Where plaintiff and defendant agreed to retrade certain canal boats which they had exchanged, and plaintiff delivered and defendant accepted the boat exchanged to plaintiff, the agreement thereby became executed, and no demand was necessary to entitle plaintiff to recover the boat he had exchanged to defendant.

Smith, J., dissenting.

Appeal from Trial Term, Ulster County.

Action by William Dougherty against Michael K. Neville. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

James J. Macklin (LaRoy S. Gove, of counsel), for appellant.
Walter N. Gill, for respondent.

HOUGHTON, J. On the 6th of August, 1902, the plaintiff was the owner of a canal boat named Ellen M. Rafferty, and the defendant owned a boat called the Vulcan, and they entered into a contract whereby the plaintiff gave the defendant a bill of sale of the Rafferty in payment of $250 towards the purchase price of the Vulcan, and the defendant executed to the plaintiff a contract agreeing to give him a bill of sale of the latter boat when he had paid $350, represented by notes, the balance of the purchase price, with interest. Payments were to be made $25 monthly, and the title to the boat to remain in the defendant until all payments had been made. The plaintiff claimed that it was represented to him that the Vulcan had been recently calked and spiked and was in good condition. On the day of the contract, she was at dock loaded, and her freight was not entirely removed until August 9th, at which time plaintiff discovered that she had not been recently spiked and calked and was leaking badly. In order to ascertain how much out of repair the boat actually was, the plaintiff removed certain stanchions and took off certain straps, which permitted him to discover the actual condition of her bottom, which he claims was full of mud and ooze. Thereupon plaintiff had interviews with the defendant, in which he told him that the boat was not as represented, and that he wished to rescind the sale, and take back the boat Rafferty and deliver to the defendant the boat Vulcan; and that in pursuance of these negotiations the defendant agreed to retrade boats, and actually did accept delivery of the boat Vulcan, and after having obtained such possession refused to deliver to plaintiff the boat Rafferty. He brings this action to recover possession of the boat or its value, alleging fraud on the part of the defendant, and that the contract had been actually rescinded.

On the trial the court held that fraud had not been shown, but permitted the jury to pass upon the specific question as to whether an actual rescission and agreement to retrade boats had been made by the parties, and upon this issue the jury found in plaintiff's

favor. The appellant urges that the complaint is too narrow to permit the trial of that issue, and that, even if it be deemed sufficiently broad for that purpose, there was not sufficient evidence to justify the verdict of the jury. After alleging the facts connected with the bargain and the alleged false representations, the complaint alleges that immediately after the plaintiff discovered the condition of the boat Vulcan, he notified the defendant of the fact, and returned her to him, and further notified him that he elected to rescind the agreement, "and thereupon said agreement was mutually rescinded by the parties." We think this allegation is sufficient, especially in view of the fact that the defendant permitted the plaintiff to testify to all the facts connected with the alleged rescission of the contract and retrading of the boats without objection that the proof was not within the issue, or that the complaint did not properly allege the facts. We are of the opinion, also, that there was evidence from which the jury could find that the defendant actually agreed to retrade boats, and that, in pursuance of such agreement, he accepted delivery of the Vulcan.

The plaintiff testified that after calling upon the defendant repeatedly, and making complaint about the condition of the boat, and being put off from day to day, he finally told the defendant to send a man to take charge of the Vulcan, and the defendant said that he would, and that he thereupon did take it into his possession, and said that he would give back the Rafferty to the plaintiff. The defendant does not deny that he took possession of the boat, but insists that he took it by virtue of his right to do so because the title remained in him, and it had been virtually abandoned by the plaintiff. There had been no default in plaintiff's payment at the time, for, as provided by the contract, the first payment was not due until the 10th of September following. There is claim on the part of the defendant that he did not take possession of the boat until the 3rd of September, and that default had been made in the first payment, which was due on the 1st of September; but no explanation appears in the record of any change in the provisions of the contract that the first payment was due September 10, 1902. The plaintiff's testimony is that the boat was taken possession of by the defendant before the 26th of August. Notwithstanding the claim of defendant, the jury had a right to say that the plaintiff's testimony, both as to the time and manner of delivery of the boat, was true.

If the defendant did in fact agree to rescind the contract, and take back the boat which he had sold and accepted delivery in pursuance thereof, he is bound by his agreement, and the plaintiff was entitled to possession of the boat which he had given in part payment. The vendor of an article of merchandise which is returned to him by the purchaser on account of a breach of warranty or because of alleged fraud, by acceptance rescinds the contract, and is liable for the purchase price paid, unless he makes a specific objection to receiving it back, or qualifies the delivery to him by some proper restrictions. Collins v. Brooks, 20 How. Prac. 327. Whether or not the delivery is an absolute one, to thus operate as a legal rescission, is a ques-

tion for the jury. Astoria Veneer Mills v. Looschen, 91 Hun, 545, 36 N. Y. Supp. 753.

It does not help the defendant that the title to the Vulcan was in him, and that he had a right to take possession of it under his contract of conditional sale with the plaintiff. According to the version of the transaction given by plaintiff, the taking of the boat was in pursuance of the agreement to retrade, and not by virtue of the defendant's right as owner. Besides, the defendant has taken no steps to foreclose the lien which he had by reason of the conditional sale of his boat to the plaintiff, as provided by article 7 of the lien law. Laws 1897, p. 514, c. 418. The plaintiff had paid nearly half the purchase price of the Vulcan by the transfer of his own boat to the defendant. A vendor under a conditional contract of sale cannot have both the property and the purchase price. White v. Gray's Sons, 96 App. Div. 154, 89 N. Y. Supp. 481. If the defendant desired to retake the boat which he had sold conditionally, it became his duty to foreclose his lien and sell it, in which case the plaintiff would be entitled to such surplus as might remain after paying the defendant what was due him.

The appellant confuses the last conversation which the plaintiff had with the defendant on the 26th of August with his narration of what had transpired in the various conversations prior to that time. This last interview of the plaintiff with the defendant seems to have been an effort to amicably adjust the matters between them. The plaintiff offered to pay certain sums, which the defendant refused, demanding a larger sum than plaintiff was willing to give. If this conversation stood alone, and was the only proof upon which to justify a verdict, the appellant's contention would be correct. According to the plaintiff's version, however, everything had been done prior to this time except delivering his boat to him.

The appellant further insists that no proper demand of the boat in controversy was shown. If the plaintiff's contention was true, no demand was necessary, for the agreement to retrade had become executed, and the defendant wrongfully held the boat which he was to return to plaintiff.

Our conclusion is that the judgment should be affirmed, with costs. All concur, except SMITH, J., who dissents.

SMITH, J. (dissenting). This judgment can only be sustained upon a finding that the defendant agreed to trade back the boats unconditionally. If such an agreement were in any way conditioned upon the payment of any sum by the plaintiff, not having tendered such sum, the plaintiff would be in no position to demand possession of his boat. I am unable to find a particle of evidence that the minds of the parties ever met to make this retrade without condition. Such a claim is to my mind conclusively negatived by the evidence of the plaintiff himself, when he saw the defendant after the claimed agreement to retrade, and asked him on what conditions the retrade would be made. There was no claim made at that time that a retrade was to be made without condition, and there is no pretense that they at that time or thereafter ever settled upon

any conditions for a retrade. This plaintiff cannot recover under the conditional sales statute (chapter 418, art. 9, p. 539, Laws 1897), because the boat was taken back in August, and his action was commenced upon the 22d of September in the same year before any right of action could accrue under that statute. The plaintiff has made a poor bargain, from which the defendant was willing to release him upon conditions with which the plaintiff would not comply. He has brought this action to rescind the contract because of the defendant's fraud. This he has not proven. He has been allowed to recover, however, because of a contract of rescission, which to my mind is not only without proof, but is clearly disproved by the evidence. I therefore dissent.