ALBERT MUELLER

v.

HENRY F. KLEINE.

*Restraint of Trade—Agreement—Liquidated Damages—Question for Jury.*

An agreement for liquidated damages for the breach of a condition in a contract of sale of a business that the vendor will not open a similar business within a certain distance and within a certain time, will be enforced unless it appears that the amount named is oppressive and unjust.

[Opinion filed December 7, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. WILLIAM VOCKE and HARVEY STORCK, for appellant.

Messrs. ROBERTS, HUTCHINSON & THOMAS, for appellee.

"Where a contract is of such a character that the damages which must result from a breach of it are uncertain in their nature, and not susceptible of proof by reference to any pecuniary standard, it is deemed especially fit that the parties should liquidate the damages, and any stipulation they make ostensibly for that purpose receives favorable consideration." 1 Sutherland on Damages, 492; Bagley v. Peddie, 16 N. Y. 469.

"Damages for breach of contracts for the purchase of good-will of an established trade or business, or for the withdrawal of competition, are so obviously uncertain that courts have recognized the fullest liberty of parties to fix beforehand the amount of damages in that class of cases." 1 Sutherland on Damages, 507; Dakin v. Williams, 17 Wend. 447; Jaquith v. Hudson, 5 Mich. 123; Cushing v. Drew, 97 Mass. 445.

*Per Curiam.* On May 1, 1884, appellant sold to appellee a beer saloon, at 90 East Washington Street, Chicago, with all the furniture, fixtures and good will, for the sum of $4,000. At the time the transaction was consummated, and as a part thereof, appellant executed and delivered to appellee the following agreement:

"For and in consideration of the sum of one dollar in hand paid me by Henry F. Kleine, the receipt whereof is hereby acknowledged, that I agree not to open a saloon within two thousand (2,000) feet of No. 90 E. Washington Street within two years from the date hereof, I also agree to pay to Henry F. Kleine, or his heirs or assigns, the sum of ten dollars ($10) per day as liquidated damages if I should open a saloon within the above named vicinity, meaning and intending by this agreement to guarantee to the said Kleine all the benefits that

may arise from my good will from the business that I have established at my late place, No. 90 E. Washington Street.

May 1, 1884.

ALBERT MUELLER.   [SEAL.]"

The suit was brought to recover $10 per day as liquidated damages, appellee alleging that appellant had opened a saloon within 2,000 feet of No. 90 East Washington Street on September 1, 1884, and had ever since continued the same open and in competition with the saloon sold to appellee. A verdict for appellee for $2,500 was found and judgment entered thereon.

It is claimed that the evidence shows appellant was in charge of the saloon complained of, as the representative of the K. G. Schmidt Brewing Co., and not otherwise, until after May 1, 1886.

On this point the jury have found against Mueller, and we think the finding fully sustained by the evidence.

The parties voluntarily agreed upon $10 a day as liquidated damages for violation of the agreement. Why that agreement should not be enforced as entered into is not made to appear. There being no facts disclosed by this record, from which a reasonable inference can be drawn that the amount named is oppressive and unjust, and the damages from a violation of the contract being uncertain, the agreement of the parties must prevail.

On similar contracts the amount designated by the parties as liquidated damages has been held recoverable. Downey v. O'Donnell et al., 86 Ill. 49; Dakin v. Williams, 17. Wend. 448; Jaquith v. Hudson, 5 Mich. 123. See also Cushing v. Drew, 97 Mass. 445.

There is no ground for objection to the modification of defendant's instruction. The plain intent of this agreement was to secure appellee against competition by appellant within the prescribed time and space, and nothing more was accomplished by the instruction as amended.

Appellant denies that the consideration of one dollar ($1) was ever paid to him. But appellee testified that it was included in the $4,000, and the jury have so found by their verdict.

The judgment is affirmed.        *Judgment affirmed.*