MARCH TERM, 1902.                    543

Missouri Edison Elec. Co. v. Steinberg Hat & Fur Co.

MISSOURI EDISON ELECTRIC COMPANY, Respond- 94   543
ent, v. M. J. STEINBERG HAT & FUR COMPANY, 97   264
Appellants.

St. Louis Court of Appeals, May 13, 1902.

1. Contract for Electric Lights: CONSTRUCTION: DISCOUNT: PENALTY: LIQUIDATED DAMAGES. Defendant agreed to pay plaintiff a certain price for electric current to light its store. It further agreed to use plaintiff's service for one year, in consideration of which plaintiff agreed to allow it a certain discount, to be deducted from the stipulated price each month. Defendant defaulted before the expiration of the year: *Held*, that plaintiff became thereupon entitled to recover the amount of the discounts retained by defendant in its monthly statements, and the latter's objection that the full price was a penalty or liquidated damages, was untenable.

2. ————: ————: ————: ————. Defendant agreed to pay plaintiff a certain price for electric current to light its store, the first clause of the contract requiring payment to be made by the tenth of the month following the service. The second clause obligated defendant to use the service for one year, in consideration of which, and of payment by the tenth of the month, defendant must be allowed a certain discount: *Held*, that the real consideration for the deduction was defendant's agreement to take for one year, and, it failing therein, plaintiff could recover the entire discount retained, though it had not failed to make its payments by the prescribed time.

Appeal from St. Louis City Circuit Court.—*Hon. Selden P. Spencer,* Judge.

AFFIRMED.

*David Goldsmith* for appellant.

(1) "It is a clearly recognized principle that, if there is only a partial failure or performance by one party to the contract for which there may be compensation in damages, the contract is not put an end to." Gatling v. Wilcox, 26

Ark. 314, and authorities there cited. "A party can not rescind if the failure of the other party be but partial, leaving a distinct part as a subsisting and executed consideration, and leaving also to the other party his action of damages for the part not performed. Generally no contract can be rescinded by one of the parties unless both can be restored to the condition in which they were before the contract was made. If, therefore, one of the parties has derived an advantage from a partial performance, he can not hold this and consider the contract as rescinded because of the non-performance of the residue, but must do all that the contract obliges him to do and seek his remedy in damages." Burge v. Railroad, 32 Iowa 105. Similar in effect are the decisions of this State, that partial failure of consideration warrants only partial recovery. Overstreet v. Beasley, 60 Mo. App. 315; Fenwick v. Bowling, 50 Mo. App. 516; Armstrong v. Johnson Tobacco Co., 41 Mo. App. 254; and see, also, De Kay v. Bliss, 120 N. Y. 91. (2) "If the whole scope of the writing shows that it is intended as a penalty, it will be so treated without reference to any particular language the parties may have used." And see upon this subject generally, Am. and Eng. Ency. of Law (2 Ed.), p. 399, title "Liquidated Damages."

*Johnson, Houts, Marlatt & Hawes* for plaintiff.

(1) There is but one question in this case, viz.: Can discounts allowed from a contract price, under an agreement for exclusive service for a year, which discounts were deducted from monthly statements, be recovered from the person to whom they were allowed upon breach of his contract of exclusive use? This court has passed squarely on the question twice, and answered the question in the affirmative both times. Missouri E. L. & P. Co. v. Carmody, 72 Mo. App. 534. (2) In Missouri Edison El. Co. v. Bry, 88 Mo. App. 136, another case almost identical with the one at bar, this court said: "The

only question presented for review is whether defendants were guilty of a breach of their contract with plaintiff? If so, they must repay the discounts allowed as a part of the consideration of the agreement." Missouri E. L. & P. Co. v. Carmody, 72 Mo. App. 538.

GOODE, J.—Plaintiff and defendant made a contract the first day of November, 1898, by which the former was to furnish an electric current to light the lamps in the latter's storerooms, and we have to construe the following clauses of that contract:

"First. The party of the second part shall furnish to the party of the first part, when called upon, the necessary current to illuminate the equivalent of approximately fifty 16 c-p incandescent electric lights and three arc lights, or more as desired, upon due notice in writing, on the premises hereinbefore specified, and the party of the second part shall supply to the party of the first part all the necessary plain incandescent lamps to be used in the building for renewals upon return to the party of the second part of the burnt out lamps unbroken, the original lamps having been purchased from the party of the second part. The party of the first part agrees to pay to the party of the second part for current supplied under this contract at the rate of one cent for each unit; such unit being the energy required to maintain one lamp of sixteen candle power for one hour; measurement to be ascertained by meter or meters furnished by the party of the second part, and payment for such current to be made at the office of the party of the second part by the tenth of the month following service rendered.

"Second. The party of the first part also agrees to use the service of the party of the second part exclusively for light and power purposes hereinbefore designated for periods of one year until either party shall at the expiration of any

Vol 94 app—35

one year give written notice of its desire to discontinue the contract; in consideration of which, and payment by the tenth of the month, the party of the first part shall be allowed a discount from the rate hereinbefore specified, the same to be deducted from the monthly accounts rendered by the party of the second part, to-wit:

"Incandescent service—
    "On bills of  $10.00, 10 per cent discount.
    "On bills of   20.00, 15 per cent discount.
    "On bills of   30.00, 20 per cent discount.
    "On bills of   50.00, 25 per cent discount.
   "On bills of    70.00, 30 per cent discount.
    "On bills of   80.00, 35 per cent discount.
    "On bills of  100.00, 40 per cent discount.
"Arc service 50 per cent discount.  $.50 per lamp per month rental."

Plaintiff supplied the current as agreed until the first day of May, 1899, when it was notified by the defendant to do so no longer as an arrangement had been made by the defendant to obtain a lighting current from some one else, although the first year of the contract between the parties did not expire until the last day of the following October. The discounts allowed on the monthly bills collected by the plaintiff for its service to May, amounted to more than three hundred dollars and this action was instituted to recover the amount thereof on the theory that the defendant was bound to pay the full contract prices without discounts during the months of service, unless it took electric power exclusively from the plaintiff for at least one year—that the discounts were given in consideration of a contract for that term or longer. The answer contained a general denial and also a plea in the nature of a confession and avoidance, which charged that the hat and fur company was forced to get light elsewhere by the plaintiff's failure to furnish it according to the agreement.

The bill of exceptions, instead of being burdened and obscured with the evidence introduced by the respective parties, as such records often are, simply recites, as a bill of exceptons should, the essential fact that evidence was introduced by each party to sustain its side of the issues.

The finding of the circuit court was for the plaintiff and judgment was rendered in its favor. Some declarations of law requested by the defendant, presenting its interpretation of the contract and theories of the case, were refused. The propositions relied on and which are said to have been wrongly rejected by the court below are: first, that the agreement by the hat and fur company to exclusively use the electric company's current for lighting purposes during one year was only a part of the consideration to be rendered to the hat and fur company for the discounts from the listed prices, the other part being the settlement of all bills for service by the tenth day of the month after they were earned, and that therefore the consideration did not wholly fail and plaintiff was not entitled to recover the whole of the discounts; second, that as no actual damage was proven to have been sustained by the plaintiff as the consequence of the defendant's refusal to use its current for a year, only nominal damages should have been awarded for the breach; third, that the full prices stipulated in the agreement were not meant to be genuine prices, but penalty or liquidated damages, to be held *in terrorem* over the defendant to compel it to comply with its agreement, the real prices being those named less the discounts, and that the amount in excess of the discounts should be construed to be penalty and the judgment made nominal, since there was no proof of a definite loss.

In our opinion this action is not one to enforce either a penalty or liquidated damages, but to collect a balance due on the amount the defendant was to pay plaintiff for lighting its rooms. The contract between the parties provided for two sets of prices, one to be paid if the defendant fully kept its

engagement, the other if it did not.   When it defaulted, it became bound for the full prices and as it had been permitted to withhold the discounts from month to month on the supposition that it would keep the stipulations into which it had entered, the plaintiff's right to recover the amount so retained as part of the compensation due for lighting service already furnished, was complete.   The argument that because defendant settled its bills by the tenth of each month, it partly performed and therefore ought to be allowed part of the discount, is weak.   It was bound by the first clause of the contract, which said nothing about discounts, to pay by the tenth of each month for the services rendered during the preceding month.   The contract as a whole shows that the real consideration moving the plaintiff to grant a reduction from the listed prices, was the undertaking of the defendant to get light from no one else for one year or more and that making payment at the stipulated time was no substantial portion of the consideration.

The arc service stands exactly like the incandescent as regards a discount from the agreed price, which was not to be allowed at all events as the defendant contends; for the provision in reference to it is embraced in the same paragraph of the contract with those provisions which refer to the incandescent lamps and the right to a percentage off the regular price for both services depended on the same contingency.

Two similar cases have been heretofore determined by this court (Missouri E. L. & P. Co. v. Carmody, 72 Mo. App. [St. L.] 534 and Missouri-Edison El. Co. v. Bry, 88 Mo. App. [St. L.] 135), but as the appellant challenged their soundness we have reviewed the main question raised anew and are satisfied it was decided previously according to correct principles.   It is argued that the effect of those decisions is to make the recovery by a plaintiff greater as the loss sustained is less, because the longer a defendant uses the current, provided he does not use it during the full stipulated time, the

larger will be the amount of the accumulated discounts which he will have to pay. But this a question of interpretation. Parties *sui juris* may make what agreements they like inside the bounds of legal regulations and good morals. The growing propensity to ask courts to modify or nullify contracts because they seem unreasonable or unjust when drawn into litigation, and perhaps the inclination of courts to heed such requests, is not to be commended. Parties often have good and sufficient reasons for exacting certain conditions and refusing to bind themselves by any others, which may not be apparent to persons not conversant with their business affairs. We see nothing unjust in the provision that the lower prices should be accorded the defendant only in the event it patronized the plaintiff for one year, and, if we did, we could not lawfully refuse to uphold it.

The judgment is affirmed. *Bland, P. J.,* and *Barclay, J.,* concur.