### UNITED SHOE MACHINERY CO. v. ABBOTT.

(Circuit Court of Appeals, Eighth Circuit. January 29, 1908.)

#### No. 2,559.

1. DAMAGES—LIQUIDATED DAMAGES—CONTRACTS FOR PENALTIES FOR FAILURE TO PAY MONEY WHEN DUE, VOID.

A contract by a vendor to pay an amount in excess of lawful interest in the event of his default in the payment when due of a simple contract debt is a contract for a penalty, is against public policy, and unenforceable.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 154–178.]

2. SAME—CONTRACTS FOR DISCOUNTS FOR PAYMENT BEFORE DUE, VALID.

But an agreement in a contract for the sale or lease of property to give the debtor a discount in excess of legal interest in the event of his payment of the agreed price or rental before it is due is not obnoxious to public policy, is not a contract for a penalty, and is enforceable in the courts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 154–178.]

3. BAILMENT—COMPENSATION OF BAILOR—CONTRACT — CONSTRUCTION — PENALTIES.

A. leased machines to B. for agreed monthly rentals due at the ends of the months succeeding those in which they were earned respectively, and agreed to give him a discount of 50 per cent. upon each month's rental that was paid 15 or more days before it fell due. The lessor accepted payment of several months' rent after it was due, and allowed the discount thereon, held,

(1) The agreement to allow the discount was not a contract for a penalty and was valid.

(2) Acceptance of several months' rent after it was due less the discount did not evidence a construction of the contract inconsistent with its terms, nor waive the right of the lessor to collect the agreed rentals for subsequent months.

Adams, Circuit Judge, dissenting.

(Syllabus by the Court.)

Appeal from the District Court of the United States for the Eastern District of Missouri.

D. W. Robert (E. S. Robert, on the brief), for appellant.

Arthur E. Kammerer (Lee W. Grant, Leo Rassieur, B. Schnurmacher, and Theodore Rassieur, on the brief), for appellee.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

SANBORN, Circuit Judge. The appellant, the United Shoe Machinery Company, leased certain patented machines for the lives

of the patents to the Tennent Shoe Company, the bankrupt, under a contract whereby the lessee agreed to pay certain rentals at the ends of the months succeeding those in which they were earned, and the lessor agreed that in every case in which the lessee should pay the rentals earned in any month on or before the 15th of the succeeding month, or 15 days before they became due, the lessor would grant a discount of 50 per cent. in consideration of such payment. The rentals for the months of December, 1905, January and February, 1906, amounted to $2,247.52, and they have never been paid. The lessor proved this amount as a part of its claim against the estate of the lessee, and the court below reduced it one-half, on the ground that the agreed discount for prompt payment was a penalty which could not be recovered. The argument in support of this conclusion is that the actual debt was 50 per cent. of the agreed rentals; that, while the contract is not so by its terms, it is in reality an agreement to pay the larger sum, the agreed rentals, in case of default in payment of one half that sum, and hence the other half, the agreed discount, is a penalty for the failure to pay the first half, and cannot be recovered.

Legal interest is the measure of damages for the failure to pay debts when they are due, and hence a contract to pay an amount in excess of such interest on account of a default in the payment of money when it is due is an agreement for a penalty which the courts will not enforce. But interest is not the measure of the discount a creditor may lawfully make for the payment of his claim before it is due and this lease is a contract for such a discount, and not for the payment of a larger sum for default in the payment of a debt when due. The practice of merchants to sell their goods at fixed prices on credits of many days and months with agreed discounts far in excess of legal interest, discounts varying from 2 to 60 per cent. for payment in less time or for cash, is too general and patent for the courts of a commercial people to be oblivious of it. If a purchaser of goods at a fixed price on a credit of six months with an agreed discount of 50 per cent. for payment in 30 days should fail to pay at all, it would be a novel defense that he was liable for but half the price, and that the other half was a penalty for his default of payment within the 30 days, and a court would hesitate long to sustain it.

Public policy, evidenced by the decisions of the courts and the statutes of the states, prohibits the enforcement of contracts to pay more than lawful interest for the breach of a simple contract to pay a debt at the time agreed, but it does not forbid creditors from making enforceable agreements to grant their debtors discounts far in excess of lawful interest for the payment of their obligations before they are due. It wisely leaves them free to make their own contracts in this regard, because the subject and the consideration of such agreements is the extension of credits, and not the mere delay or forbearance of collection of overdue debts. It is for this reason that such agreements do not fall under and are not governed by the rule applicable to contracts of the latter class.

Counsel argue that the actual debt was the agreed rentals less

the discount. But the parties to this agreement were competent to contract and they expressly agreed to the contrary. If agreements for discounts were vulnerable as penalties there could be but one criterion of their validity, and that would be their relation to lawful interest. If the parties were not free to contract for such discounts as they chose, then agreements for them in excess of lawful interest must be void, and those not so in excess alone valid. There could be no other standard by which to try them. And a rule of law to the effect that notwithstanding the express agreement of the parties the actual debt, when an unearned discount is agreed upon, is the agreed debt less the discount, would avoid every contract for a discount in excess of lawful interest, and would strike down thousands of commercial contracts that are now valid and enforceable.

After the rentals for several months fell due the lessor accepted payment of them less the discounts, and it is said that this fact evidences a construction by the parties that the contract was for a penalty and a waiver of the right to collect the agreed rentals. for subsequent months. But the acceptance of a part of an overdue claim for the whole is not persuasive evidence that the written contract that the whole was owing, did not mean that which it declared, nor is it a waiver of a right to enforce an agreement for the payment of a subsequent debt not then due. The basis of waiver is estoppel; where there is no estoppel there is no waiver, and there is no element of estoppel here. Insurance Company v. Wolff, 95· U. S. 326, 332, 24 L. Ed. 387; Assurance Company v. Building Association, 183 U. S. 308, 357, 22 Sup. Ct. 133, 46 L. Ed. 213; Equitable Life Assur. Society v. M'Elroy, 28 C. C. A. 365, 372, 83 Fed. 631, 640.

The parties to this transaction deliberately contracted in writing that the rentals here in question should be due at the ends of the respective months succeeding those in which they were earned,. that they should be $2,247.52, and that if they were paid respectively 15 days before they became due the lessor would grant the lessee the discount of 50 per cent. A contract by a debtor to pay an amount in excess of lawful interest in the event of his default in the payment when due of a simple contract debt is a contract for a penalty, against public policy, and unenforceable. But an agreement in a contract for the sale or lease of property to give to. the debtor a discount in excess of lawful interest in the event of his payment of the agreed price or rental before it is due is not· obnoxious to public policy, is not a contract for a penalty, and is. valid and enforceable in the courts. The lease under consideration is of the latter class, and the lessor is entitled to the allowance of its claim for the full amount of the agreed rentals. In the consideration of this case the following authorities which directly or indirectly relate to the question at issue have been considered: Longworth v. Askren, 15 Ohio St. 370; May v. Crawford, 142 Mo. 390, 44 S. W. 260; Loudon v. Taxing District, 104 U. S. 771, 26 L. Ed. 923; Missouri Edison Electric Company v. Steinberg Hat & Fur Company, 94 Mo. App. 543, 68 S. W. 383; Missouri Edison Elec--

tric Company v. Bry, 88 Mo. App. 136; Missouri Electric Light & Power Company v. Carmody, 72 Mo. App. 534; 19 American & English Encyc. of Law (2d Ed.) 418.

The case of Goodyear Shoe Machinery Company v. Selz, Schwab & Company, 157 Ill. 187, 41. N. E. 625, Id., 51 Ill. App. 390, upon which counsel for the trustee seem to rely chiefly, has also been carefully examined. So far as it is inconsistent with the views which have been expressed it does not commend itself to our judgment. In our opinion, however, the contract in that case provided for a discount of 50 per cent. for the payment of the agreed rents within 15 days after they fell due, and in that way imposed a penalty of 50 per cent. for a delay of payment more than 15 days after the due date, so that the case fell under the first rule. On the other hand, in the case at bar the agreement is to grant the discount in case the payments are made more than 15 days before they become due, so that it falls under the second rule. It is said that this feature of the contract makes it a mere sham and an evasion of the first rule, and that its legal effect is the same as that of the contract in the Goodyear Shoe Machinery Company Case. The argument proves too much. By the same mark, every contract for a discount in excess of legal interest would be a sham and an evasion of a contract for a penalty. The truth is that this contract is valid on its face, that the parties to it had the right under the law to make such a contract for a discount, and they made it. It is only by transforming it into what it is not—into an agreement for a penalty for a failure to pay a debt when due—it is only by disregarding the agreement the parties actually made, and making a new agreement for them that they did not make, that the contract can be brought under the rule against penalties. There was no fraud or mistake in the making of this agreement. It was deliberately executed by competent parties, and it is not the province of the court to reform it in order to destroy it.

The lessor proved an item of $230 for estimated freight on the machines under a provision of the contract that at the termination of the lease the lessee should deliver the machines to the lessor at its office or factory. The factory of the lessor was in Boston and the machines were in St. Louis. This $230 was the estimated freight upon them from the latter to the former city. But the measure of the lessee's liability was the injury inflicted upon the lessor by the former's failure to deliver the machines in Boston, and there was no proof of any injury on this account. The proof was that upon the failure of the lessee the lessor leased the machines to another manufacturer in St. Louis upon the terms of the lease here in issue, and while there was some evidence that a few of the machines had been returned to Boston, there was no evidence of the cost of their return. There was no substantial evidence to support the claim of this estimated freight, and the item was rightly disallowed.

The order challenged by the appeal is reversed, and the case is remanded to the court below with instructions to modify the order of the referee so that it shall reduce the proved claim of the appellant $230 and no more.

ADAMS, Circuit Judge (dissenting). I am unable to give my assent to the conclusion reached by the majority on the first question discussed in the opinion. The provision for reduction of rent 50 per cent. in case of payment 15 days instead of 30 days after it was earned is so obviously out of all proportion to the value of the use of the money for that short period of time as to fairly warrant but one conclusion. The real contract as contemplated by the parties, in my opinion, was that the lessee should pay only one-half of the stated monthly rental for the use of the machines in question. The conduct of the parties, as payments were subsequently made, amounts to a contemporaneous construction of the contract. The lessee paid only 50 per cent. of the stated rental, and the lessor accepted the same without objection, notwithstanding the fact that the rent was not paid in time to entitle the lessee to the 50 per cent. deduction according to the letter of the contract. The agreement by which the rental is doubled if not paid at the time agreed upon is to my mind clearly a provision for a penalty, and ought not to be enforced.

In other respects I agree with the conclusion reached by the majority.