### McCALL CO. v. DEUCHLER.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1909.)

No. 2,984.

DAMAGES (§ 80*) — LIQUIDATED DAMAGES — CONSTRUCTION OF STIPULATIONS — "PENALTY."

In a contract for the purchase and sale of an article of merchandise, to be delivered in stated quantities periodically during a term of over five years, a provision that in case of breach by either party the other may be

released and recover as liquidated damages a sum equal to the entire purchase price to be paid during the term, is one for a "penalty," having no reference to the actual damages, which in such case are readily ascertainable, and the amount being grossly excessive in case the contract had been performed for any considerable time before the breach.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 170–175; Dec. Dig. § 80.*

For other definitions, see Words and Phrases, vol. 6, pp. 5272–5276; vol. 8, p. 7750.]

Appeal from the District Court of the United States for the Eastern District of Missouri.

In the matter of E. H. William Normann, bankrupt. From an order disallowing a claim of the McCall Company, said claimant appeals. Affirmed.

Augustus L. Abbott, John Blair Edwards, and Alfred C. Wilson, for appellant.

Before HOOK and ADAMS, Circuit Judges, and CARLAND, District Judge.

HOOK, Circuit Judge. This is an appeal from an order disallowing a claim of the McCall Company against the estate of E. H. William Normann, bankrupt, under a clause of a contract in the following words:

"If either of us shall intentionally break this contract, or shall refuse or fail promptly to perform the same after two weeks' notice in writing given by the other, then the other of us shall have the right to exercise the option of being released from all future obligations under it, and to recover and receive as liquidated damages, and not as a penalty, a sum equal to the agreed charge for fashion sheets during the entire term of this contract. Failure to require compliance with the strict letter of this contract order shall not forfeit nor prejudice any right thereunder, nor constitute a waiver thereof."

The contract was made January 28, 1905, and ran for 5 years and 3 months. It required Normann to take and pay for so many fashion sheets, etc., periodically during the term at a fixed price. After three years of the term had run, Normann defaulted, and was adjudged a bankrupt upon his own petition. The company presented a claim for $358.79, balance due for goods actually delivered and remaining unpaid for, and for the further sum of $807 as liquidated damages for breach of the contract. The trial court allowed the claim for $358.79, and disallowed that for $807 on the ground that it was a penalty, and not liquidated damages.

We think the trial court was right. The company offered no proof of its actual loss, but stood upon its demand for the entire amount stipulated in the contract. This is not a case of an agreed valuation of property, like that of Sun Printing and Publishing Association v. Moore, 183 U. S. 642, 22 Sup. Ct. 240, 46 L. Ed. 366; nor is it one in which the amount of actual damage is difficult of ascertainment. The contract was the common one of sale and purchase of articles of trade, for the breach of which the law prescribes a clear and definite measure of damages. The provision in the contract ignores this meas-

ure altogether, and fixes an arbitrary amount which is grossly in excess of all loss that could possibly have been sustained. This is manifest from the face of the contract itself. Extrinsic evidence is not necessary to disclose it. The amount claimed as liquidated damages embraces, not only the full price of goods not yet delivered under the contract and of those delivered and not paid for, but for which a separate claim was made and allowed against the bankrupt's estate, but also the price of those which the bankrupt had fully paid for during the first three years of the contract. It is inconceivable that a default of the purchaser, occurring after so much of the contract term had passed, could have inflicted so disproportionate a loss, or that the loss could under any circumstances have exceeded the contract price of the remaining goods, which the bankrupt did not take and pay for according to his agreement. Under such circumstances, calling the specified sum "liquidated damages" does not make it so. Bignall v. Gould, 119 U. S. 495, 7 Sup. Ct. 294, 30 L. Ed. 491. There is nothing in United Shoe Machinery Co. v. Abbott, 158 Fed. 762, 86 C. C. A. 118, inconsistent with these conclusions.

The order is affirmed.