### In re MERWIN & WILLOUGHBY CO.

#### (District Court, N. D. New York. June 21, 1913.)

BANKRUPTCY (§ 314\*)—PROVABLE CLAIMS—UNACCRUED RENT—PENALTY PROVISION IN LEASE.

Claimant leased to the bankrupt a store service system for the term of 10 years at an annual rental of $210, payable quarterly. The lease provided that, in case of breach by the lessee or its bankruptcy, the rent for the entire term of 10 years should become immediately due and payable without notice or demand, and also that the lessor might at any time after such a breach enter and take possession of the leased property, "and thereby terminate all rights and interest of the lessee in

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said system." The bankruptcy occurred about one year after the lease was made, and the bankrupt was then in default for rent. The receiver used the system until he sold the store and paid rent for such time, and the purchaser used and paid rent for it until claimant entered and removed it. *Held* that, whether the taking of possession was because of the bankruptcy or the prior default of the lessee, it terminated the lease, and that the provision therein giving claimant the unaccrued rent for the entire term after it had retaken the leased property was purely for a penalty, was unconscionable, and that a claim therefor would not be allowed against the bankrupt estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

In the matter of the Merwin & Willoughby Company, bankrupt. On review of order of referee allowing claim of the Lamson Consolidated Store Service Company in the amount of $1,929.65. Reversed.

Grant & Wager, of Utica, N. Y., for objecting creditors.

Baker, Burton & Baker, of Gloversville, N. Y., for trustee.

A. Hosmer Spencer and R. Douglas Boyd, both of Gloversville, N. Y., for claimant.

RAY, District Judge. March 23, 1911, the Lamson Consolidated Store Service Company, the claimant here, leased to Merwin, Kling & Willoughby Company, of Gloversville, N. Y., a Lamson perfection cable cash carrier system for use in the store of the lessee at No. 39–41 North Main street in said city, and which system comprised six lines with fifteen despatching stations, and two carriers for each station. This system composed of certain parts was personal property removable.

The provisions of this lease material here are as follows:

"(2) The lessee agrees to use said system in said premises for the term of ten years from ——— (the date of completion of changes of said system) and for as many successive years after that as the lessee shall elect to extend this lease and unless said lessee shall notify said lessor in writing sixty days before the expiration of the original term of this lease or of any extension hereof to remove said system said lessee shall be considered to have elected to extend this lease for another year. The lessor reserves the right to terminate this lease at any time after said 10 years, upon giving sixty days notice, in writing, to the lessee. * * *

"(3) The lessee agrees to pay on said date of installation rental to the regular quarter day next ensuing and thereafter in advance upon the first days of March, June, September and December in each and every year at the rate of 210.00 dollars for the first year and 210.00 dollars for each succeeding year. Lessee agrees to pay all local taxes levied upon said system. If any installment of rental shall remain unpaid for sixty days after it becomes due the entire rental to the end of this lease shall become at once payable without demand. * * *

"(6) And these presents are upon this condition, that in case of a breach by lessee of any of the covenants or agreements herein, or in case the lessee becomes bankrupt, insolvent or makes an assignment for the benefit of creditors, or discontinues business in the premises for any other reason whatsoever, the balance of rental for the entire term of this lease shall be considered at once due and payable without notice or demand on the part of the lessor; and it is also provided, that the lessor may at any time after such a breach of this lease occurs, enter the premises, take possession of said system and thereby terminate all rights and interest of the lessee in said system."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The Merwin & Willoughby Company succeeded the Merwin, Kling & Willoughby Company, and February 12, 1912, this lease and all rights under it, with the written consent of the Lamson Company (so called for brevity), was assigned by the Merwin, Kling & Willoughby Company to said Merwin & Willoughby Company which took possession of same in said store and used the same until said Merwin & Willoughby Company passed to the hands of a receiver in bankruptcy. Merwin & Willoughby Company was the same corporation as Merwin, Kling & Willoughby Company except in name. On or about March 14, 1912, a petition in bankruptcy was filed against said Merwin Company (so called for brevity), and the bankruptcy court appointed a receiver of all its property, who duly qualified and took possession of same.

May 31, 1912, Bradford H. Arthur was duly appointed trustee in bankruptcy of all the property of the said Merwin Company, and qualified and took the physical possession of same. Said receiver was duly authorized and empowered to continue and carry on the business of the said Merwin Company, and did down to May 11, 1912, when he duly sold all the assets and property of said company, except said lease and the rights of said Merwin Company thereunder, to one Ralph D. Willoughby, and which sale was ratified by the court and trustee. The trustee never sold said lease or leased property or his rights or the rights of the bankrupt estate thereunder. Neither the Merwin, Kling & Willoughby Company nor the Merwin & Willoughby Company ever paid any rent which had accrued due under the terms of said lease. Neither ever has paid any of such rent. On his appointment such receiver took possession of the store and of said leased cash carrier system therein and used same until such sale was made by him. June 10, 1912, said receiver paid the rent for such system during the time he used it, $35. After the sale to said Ralph D. Willoughby he paid the rent, viz., June 11, 1912, $11.10, and September 5, 1912, $52.50, and January 18, 1913, $59, the balance of the rent from May 11, 1912, to December 1, 1912. In purchasing said property of the bankrupt company said Ralph D. Willoughby entered into no contract or agreement assuming such lease. After said Ralph D. Willoughby purchased said property of the said bankrupt company the said claimant, Lamson Company, by its agents and by correspondence, endeavored, but without success, to induce said Ralph D. Willoughby to enter into a long term lease for the said system similar to the one from which quotations have been made, the lease in question. On or about December 1, 1912, the said Lamson Company, claiming and asserting the right so to do, entered on said premises then being conducted by said Ralph D. Willoughby, and removed the said cash carrier system, and ever since has had and retained the legal custody and control of the same. December 23, 1912, said Lamson Company presented its verified claim, verified December 12, 1912, in bankruptcy, against the estate in bankruptcy of Merwin & Willoughby Company for rent of said cable from the date of such lease or the installation of same, viz., $2,080.75, giving credits as follows: "June 10, '12, paid by receiver, $35.00; June 12, '12, paid by Willoughby Co. $11.10; Sept. 19, '12, paid by Willoughby Co. $52.50, and to be paid by Willoughby Co. $52.50"—leav-

ing the claim $1,929.65, which was the amount of the alleged debt specified in the statement of claim itself.   Ralph D. Willoughby carries on business under the name of Willoughby Company.

The claimant, Lamson Consolidated Store Service Company, contends that by virtue of the said lease and agreement it had the right on nonpayment of rent, or on the bankruptcy of the said Merwin & Willoughby Company, or in either event, to elect that the whole rental for the 10 years should be and become due and payable, and that it did become due and payable under the sixth clause quoted without notice or demand, and, less the payments credited or stated above, is a valid and a provable debt and claim against the bankrupt estate.   The stipulation of facts filed recites:

"It being claimed by the claimant that under paragraph six of said contract and lease all of the balance of the rental for the entire term of the lease should become due and payable upon the lessee becoming bankrupt."

The creditors and trustee, on the other hand, claim:

(1) That such clause 6, in so far as it provides that on the bankruptcy or insolvency of the Merwin Company "the balance of rental for the entire term of this lease shall be considered at once due and payable without notice or demand on the part of the lessor," is invalid and in the nature of a penalty, and provides for a preference in case of bankruptcy, and cannot be enforced.

(2) That, having taken and removed the leased property from the custody of the trustee because of the bankruptcy, it cannot collect rent therefor for any subsequent time.

(3) That, even if such provision is valid and might have been enforced, the claimant waived the provision by accepting rent from the receiver and from the purchaser of the property sold, Ralph D. Willoughby, and by trying to lease the said cable cash carrier system to said Ralph D. Willoughby before taking possession.

(4) That the agreement that in case any installment of rent, $52.50, should not be paid when due the rent for the 10 years, $2,080.75, should all become immediately due and payable, coupled with the right in the lessor to take possession of and remove the leased property, is a provision for a penalty pure and simple, and should not and cannot be enforced.   If the property, said cable and cash carrier system, belonged to the claimant and it had the right to take possession and did, then it follows that said Lamson Company had the right thereafter to offer and use its best efforts to lease same.   Is the clause referred to valid and binding on the bankrupt estate so as to make it liable for the rent for the entire term of 10 years for the reason it became bankrupt, and was then in default in payment of rent?

It is plain enough that parties to a contract for the loan of money secured by a note or mortgage may provide for the acceleration of payment of the principal in case of default in the payment of interest, or of installments of principal.   In such case the consideration has been fully furnished, and the only question is time of payment.   But may the lessor of personal property or of real estate contract to rent, say for 10 years, the rent payable in annual installments of say $200 per annum, and provide that in case of nonpayment of rent when due

the rent for the 10 years, or $2,000, shall become immediately due and payable, and that the lessor may also at once re-enter and take possession of the leased land or property as his own, and have the use and occupation of such premises or property, and also collect the rent for the full period, and then ,in case of default in payment of the first year's rent and on the bankruptcy of the lessee, not only take and retain possession of the property or premises, but collect the rent for the entire time? Such an agreement in case of the bankruptcy of the lessee is a way of contracting for a preference and providing a way, a mode of thwarting the provision of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). However, such result would be in accord with the letter of the contract. It is, of course, true that if a lease is made for a fixed term and default is made in the payment of rent, and the lessor takes possession pursuant to the terms of the agreement and relets if he can, such reletting operates for the benefit of the lessee, and whatever sums the lessor secures in this way goes to reduce the damages or liability for rent under the contract for the balance of the term, provided it is so stipulated in the agreement. Hall v. Gould, 13 N. Y. 127. Cited and approved in Lamson Consolidated Store Service Co. v. Bowland, 114 Fed. 639, 641, 52 C. C. A. 335. The general rule is that the resumption of possession by the lessor of the thing leased operates as a surrender of the lease, and puts an end to the liability of the lessee for future rents, unless otherwise specifically provided by some valid and binding clause in the contract. Watson v. Merrill, 136 Fed. 359, 69 C. C. A. 185, 69 L. R. A. 719, and Lamson v. Bowland, supra. It was competent for the parties to expressly stipulate and agree in the contract that on default in payment of rent when an installment of rent fell due that the whole rent for the entire term should become due and payable without demand or notice. Notice of election to that end was not necessary. It was, however, competent to waive payments of installments when due, and waive the provision that the whole rent should fall due, and an acceptance of subsequent installments of rent when due would evidence a waiver of that provision. But waiver must, of course, depend on all the facts and circumstances of the case, and the acts must be construed in the light of the agreement under which the parties are operating.

If the lessor in this case took possession because the Merwin Company became bankrupt, then notwithstanding the agreement it cannot recover rent subsequently falling due. This was decided in Lamson Consolidated Store Service Co. v. Bowland, 114 Fed. 639, 52 C. C. A. 335, where the lease of one of these systems contained a similar clause as to bankruptcy and the court (C. C. A. 6th Circuit, per Lurton, C. J.) held:

"If the lessor resumed possession because of the adjudication of bankruptcy against the lessee, the lease was determined, and no right to exact future rents would remain."

The Lamson Company did nothing by way of taking possession prior to the bankruptcy or thereafter until it failed to make a lease with the purchaser, and accepted installments of rent when due from

the receiver and from the purchaser of the store. But the receiver paid for the term of his own occupancy only.

Clause 3 referred to provides:

"If any installment of rental shall remain unpaid for sixty days after it becomes due the entire rental to the end of this lease shall become at once payable without demand."

This with the addition of the words "without demand" is the same as the like clause in the contract which was the subject of consideration in Lamson, etc., v. Bowland, supra. These words were inserted in contracts made after the decision of that case to avoid the force of that decision, or, rather, the ground on which that decision was placed, after the court had intimated there were other grounds fatal to the claim. In that case the court said:

"Unless the appellant can show that this conceded possession (by the lessor) was taken upon some ground which kept the lease alive, the appeal must fail. * * * An adjudication of bankruptcy against the lessee would seem to justify the lessor in recovering possession. But the result would be the surrender of the lease. Thereafter no right to exact future rents would remain. * * * As we have seen, counsel have attempted to justify the possession upon a ground which leaves no foot to stand upon, when asserting a claim to future rents."

This present case comes to the proposition whether, under the provisions in this lease, the full amount of rent for the entire term, less payments made by the receiver and purchaser, can be proved and allowed as a claim against the bankrupt estate, the lessor having tried to rent to the purchaser of the bankrupt estate (aside from the lease) and failed and thereafter having taken possession of the leased property on the ground and because of the fact that the bankrupt corporation was in default in payment of installments of rent at the time of the filing of the petition in bankruptcy. The lease, made March 23, 1911, was assigned to the bankrupt company February 12, 1912, and the bankruptcy occurred March 14, 1912, some 32 days thereafter. The Merwin & Willoughby Company covenanted in the assignment that "all the rent which may hereafter become due according to the terms of said lease shall be paid," and also, "and that all the covenants and stipulations in said lease will be observed and performed." Rent fell due March 1st, June 1st, September 1st, and December 1st, each year. March 1, 1912, the now bankrupt corporation became liable to pay rent for at least 18 days as the quarter's rent then fell due. The rent was $52.50 for each three months, or $17.50 per month. The receiver was in possession two months and paid $35. The rent for the 18 days was not paid. However, I do not see why the bankrupt corporation was not liable for all the rent in arrears, as the only change was in the name of the corporation, and I do not see that the corporation by assuming the new name changed its contract obligations or liabilities or relieved itself therefrom. If not then, it was owing rent to the Merwin & Willoughby Company for about one year at the time of the bankruptcy. The facts set forth in the stipulation do not necessarily show that the Lamson Company took possession because of the bankruptcy, or that it asserted its right to take possession based alone on

the fact of such adjudication in bankruptcy. If such concession had been made, then within Lamson, etc., v. Bowland, supra, the claim must necessarily be disallowed. But, as stated, if under this contract the fact that the bankrupt corporation was in default in payment of rent when the bankruptcy occurred and the adjudication was made, made the rent for the entire term due and payable as a fixed liability and the Lamson Company had the right not only to take and hold the possession of the leased property, but prove its claim for rent for the entire 10 years, and receive its dividend, then this claim was properly allowed. This provision for the acceleration of time of payment growing out of failure to pay installments of rents as they fell due is a provision in the nature of a penalty, but not necessarily void.

It seems unconscionable to enforce such a provision in case of the bankruptcy of the lessee. There is no proof in this case or stipulation that this rented property had become of less value while installed or suffered any injury, or that it was not of equal value to the lessor in some other place. The record is silent on this subject. There is no proof or stipulation as to its value. We may presume its rental value elsewhere, if rented at all, is the same. By taking possession of the property and removing it the trustee in bankruptcy was deprived of it and of any opportunity to sell or re-lease. The consideration for the agreement to pay rent failed, but not through any fault of the lessor who, we must assume, was willing to leave it on receiving his rent. It was the property of the lessor subject to the rights of the lessee under the lease. Having exercised its right to repossess itself of the rented property prior to the expiration of the lease, can the lessor also recover rent for the full period? Can it have both remedies at the same time? It is not so provided in the lease by any language to that effect. One provision is:

"And it is also provided, that the lessor may at any time after such a breach of this lease occurs, enter the premises, take possession of said system and thereby terminate all rights and interest of the lessee in said system."

This is what the lessor has done. Can it now prove a claim for rent for the entire term and recover it? It is immaterial that the claimant will not obtain the full amount but only its dividend. It will get all the law gives in such cases.

When property is sold on condition that the thing sold shall remain the property of the vendor until paid for, purchase price to be paid in installments, and notes are given for such installments, and some are not paid and the vendor retakes the property, he cannot recover the purchase price or on the notes. White v. Gray's Sons, 96 App. Div. 154, 89 N. Y. Supp. 481; Nelson v. Gibson, 143 App. Div. 894, 898, 129 N. Y. Supp. 702; Edmead v. Anderson et al., 118 App. Div. 16, 103 N. Y. Supp. 369; Dougherty v. Neville, 108 App. Div. 89, 93, 95 N. Y. Supp. 806; Cooper v. Payne, 111 App. Div. 785, 97 N. Y. Supp. 863; Earle v. Robinson, 91 Hun, 363, 36 N. Y. Supp. 178, affirmed 157 N. Y. 683, 51 N. E. 1090; Hoffman v. White Sewing Machine Co., 123 App. Div. 166, 108 N. Y. Supp. 253. These cases go on the principle of a failure of the consideration; that vendor cannot

have the property, and recover the balance of the price agreed to be paid therefor. Suppose the contract of conditional sale should expressly provide that the vendor might have both in case of failure to pay the purchase price, would any court enforce the agreement? Would it not provide a penalty pure and simple? What real distinction can we draw between a contract of conditional sale, property delivered to vendee with title in vendor until paid for with right on nonpayment of balance of purchase price to retake the property, and one leasing the same property for a fixed period, rent payable in installments and presumed to cover the value of such use for the period covered by the installment, with power to retake the property if the stipulated rent is not paid and also with a provision that, if there is a failure to pay any installment of rent, then the whole rent shall become at once payable? If the taking of the property by the vendor in the one case defeats the right to recover the balance of the purchase price due when the taking occurs, why does not the taking of the property by the lessor in the other case defeat the right to recover the rental accruing after such possession is taken even if due and payable before? I am unable to discover any difference in principle between the two cases. When the taking is unconditional (not a surrender and acceptance), this ought to be the rule in both cases, and, as it is not specifically so provided, I cannot give a construction to this lease in question here which will authorize the lessor to retake the leased property unconditionally, and at the same time prove and have allowed his claim for the rental for the full ten years. The trustee did not surrender the lease.

In Underhill v. Collins, 132 N. Y. 269, 30 N. E. 576, it was held that the acceptance by the landlord of the surrender of demised premises will defeat the recovery of rent thereafter accruing. The court in its opinion, however, indicates that such surrender would not release the lessee from liability for the rent due, but not yet accrued. In American Bonding Company v. Pueblo In. Co. (C. C. A. 8th Circuit) 150 Fed. 17, 30, 80 C. C. A. 97, 110 (9 L. R. A. [N. S.] 557, 10 Ann. Cas. 357), it was held that:

"The termination of a lease during its term by surrender, by re-entry, or by eviction, without more, discharges the lessee from liability for rents that have not accrued, but leaves him liable for all the rents which have accrued and become due, and for the performance of all covenants whose fulfillment is due."

But in the case now being considered there was no surrender by the trustee, and the rent for some 9 years had not accrued, that is, had not been earned.

Agreements which fix the damages for the nonperformance of a contract at a sum certain are many times held to provide for a penalty. The sum fixed by agreement must be fair and reasonable, and it must appear that proof of the actual damage would be difficult to make, and the actual damages extremely difficult of ascertainment. In this present case the contract provides (1) for a ten years term; (2) an annual rental of $210, payable quarterly; (3) that in case of bankruptcy or default the whole rent for the entire term of 10 years shall

become immediately due and payable without notice or demand, and also that the lessor may at once enter and take possession of the leased property. On the face of it the agreement is onerous, burdensome, and unfair. The lessee, or his estate, in case of insolvency or financial embarrassment, is penalized. Giving the construction contended for by the claimant and for a mere default in payment of a quarter's rent in advance, the whole $2,080.75 would be at once due and payable, and the lessor not only could sue for and collect this amount, but immediately enter and take away the leased property. If susceptible of such construction, it provides for a penalty. If not a penalty then taking possession is the alternative of payment, and the lessor cannot both take possession and remove the property (there being no surrender), and prove his claim, and have it allowed for the rent for the entire term. If under such an agreement the lessor can do both then, if an estate in bankruptcy should pay 90 cents on the dollar, the lessor for one year's use of the property would get $1,872 in cash, and have the use of the property for the balance of the term when the agreement shows on its face that the value of one year's use is only $210. Such agreements are contrary or opposed to a sound public policy, and ought not to be enforced. The facts stipulated show no damages to the lessor except the measure fixed as the annual rent, $210 per year, and to allow it to have a dividend in the full amount and also take and hold the leased property is to execute a contract evidently intended to penalize the lessee and its estate in case of bankruptcy and secure to the lessor a greater sum in proportion than other creditors of the same class receive. In McCall Co. v. Deuchler (C. C. A. 8th Circuit) 174 Fed. 133, 98 C. C. A. 169, the parties contracted for the purchase and sale of an article of merchandise to be delivered in stated quantities periodically during a term of over five years, and it was provided that in case of a breach by either party the other should be released, "and to recover and receive as liquidated damages, and not as a penalty, a sum equal to the agreed charge for fashion sheets during the entire term of this contract." On bankruptcy of the purchaser, the claimant sought to prove his claim for the amount provided, and the District Court and Circuit Court of Appeals rejected the claim on the ground the contract was for a penalty. The court said, after referring to the legal measure of damages in such cases:

"The provision in the contract ignores this measure" of damages "altogether, and fixes an arbitrary amount which is grossly in excess of all loss that could possibly have been sustained. This is manifest from the contract itself."

So in this case the parties measured the value of the use of this system at $210 per year. The property leased has not been damaged. By taking it the lessor admits it is of value to him elsewhere, and there is no proof it is not, and under this agreement to receive in case of bankruptcy a sum grossly in excess of the value of the use of the property while it was in the possession of the bankrupt the lessor seeks to recover, and receive not only the rent earned, but also the rent for 9 years use which the bankrupt did not have and cannot have by reason of the exercise by the lessor of the right to take possession.

In United Shoe Machinery Co. v. Abbott, 158 Fed. 762, 86 C. C. A. 118, it was held that "a contract by a vendor to pay an amount in excess of lawful interest in the event of his default in the payment when due of a simple contract debt" is a contract for a penalty, is against public policy, and unenforceable. It matters not under what guise the provision for a penalty appears, and so here the provision for the precipitation of payment of rent not earned or accrued in due course, and which cannot be earned and which cannot accrue in due course by reason of the act of the lessor in taking possession of the leased property, is evidently a cover for exacting a penalty in case of the financial embarrassment or bankruptcy of the lessee, or a sum in excess of the lawful dividend the lessor would otherwise he entitled to receive. It was evidently intended to subvert or evade the provisions of the bankruptcy law, and no court should lend its aid to the enforcement of such a provision.

The order of the referee allowing the claim at $1,929.65 is reversed, vacated, and set aside, and he is directed to make an order allowing the claim at such sum and for such rent as was actually earned at the time the system passed to the hands of the receiver; that is, from the date of the lease down to the time the receiver took possession at the rate of $210 per year. So ordered.